IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:17cr80-08

VINCENT DEMOND ANDERSON

### MEMORANDUM OPINION

This matter is before the Court on the defendant's SECOND MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND 603(b) OF THE FIRST STEP ACT (ECF No. 441), the response United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 448), the REPLY TO RESPONSE OF UNITED STATES TO MOTION FOR COMPASSIONATE RELEASE (ECF No. 449).[1] Having considered those documents, the Presentence Report (ECF No. 439), and the Worksheet in Response to the Motion for Compassionate Release (ECF NO. 444), the defendant's SECOND MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND 603(b) OF THE FIRST STEP ACT (ECF No. 441) will be denied.

---

[1] A previously filed Motion for Compassionate Release was denied for failure to exhaust administrative remedies with the Bureau of Prisons which, on appeal, was reversed by the United States Court of Appeals for the Fourth Circuit and the matter was remanded for further proceedings. The SECOND MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND 603(b) OF THE FIRST STEP ACT (ECF No. 441) represent the further proceedings.

## BACKGROUND

Vincent Anderson was convicted, pursuant to a plea of guilty, of Count One of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. § 846. According to the Presentence Report, Anderson was involved in the conspiracy from approximately March 2016 until June 2017 and during it, and in furtherance of its objectives, Anderson distributed cocaine, cocaine base and marijuana. (ECF No. 439, ¶ 28). Anderson was held accountable for the distribution of at least 700 grams of cocaine base and at least three kilograms of cocaine, and two ounces of marijuana, which was all converted to a marijuana equivalent of 3,099.75 kilograms of marijuana. (ECF No. 439, ¶ 30).

The statutory maximum sentence for the offense of conviction was life imprisonment and the minimum term of imprisonment for ten years. The Presentence Report reflected a total offense level of 29 and a Criminal History category of II, producing a guideline range for imprisonment of 120-121 months of imprisonment, which was restricted because of the mandatory minimum punishment proscribed by the statute. On January 18, 2018, Anderson was

2

sentenced to 120 months of imprisonment to be followed by five years of supervised release. He is serving that sentence at FCI Petersburg Low and his projected release date is March 9, 2026.

The record reflects that, while incarcerated, Anderson has committed only one disciplinary infraction and that was a minor one. The record also reflects that he has completed a number of classes and courses designed to help him upon reentry to society. (ECF No. 444). Additionally, the record reflects that Anderson has received both doses of the Moderna COVID-19 vaccine.

Anderson seeks compassionate release because he has medical conditions of hypertension and "obesity issues." (ECF No. 441, p. 5).[2]

The record reflects that Anderson tested positive for COVID-19 in August of 2020 (before he was vaccinated) and developed flu-like symptoms from which he recovered. His vaccinations were complete by February 2021.

Anderson has a Criminal History Category of II consisting of a driving offense, an assault and battery misdemeanor offense, and failing to pay fines, costs and restitution.

---

[2] Anderson's motion also reports that he suffers from hyperlipidemia, gastroesophaeal reflux disease, and sleep apnea as well as anxiety and nervousness.

3

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3d 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for

4

compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020); United States v. White, ____ F. Supp.3d ____, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020)

### 1. Particularized Susceptibility

Anderson has established that he suffers from hypertension and obesity both of which are recognized by the CDC as presenting a higher risk of serious consequence if COVID-19 is contracted. However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because identified risk factor conditions must be serious to constitute extraordinary and compelling reasons. Anderson also has hyperlipidemia, gastroesophaeal reflux disease, and sleep apnea as well as anxiety and nervousness. Anderson has not shown that these conditions are

recognized by the CDC as presenting any increased risk of contracting COVID-19 or of serious consequences if it is contracted. It appears from the record that the conditions on which Anderson bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In addition, Anderson has not established that his medical needs cannot be met while incarcerated and, indeed, the medical records filed herein outline that he receives regular medical care, adjustment of his medications, and testing related to the chronic health issues.

Anderson contracted COVID-19 in 2020, but was treated for it at FCI Petersburg-Low. He had flu-like symptoms and recovered.

Anderson, like almost all inmates at FCI Petersburg-Low, has been fully vaccinated with the Moderna vaccine. The vaccine has proven effective in reducing the risk of contracting COVID-19 and the risk of serious consequences if it should be contracted. That fact, the high level of those vaccinated at FCI Petersburg-Low, and the de minimus number of cases reported at FCI Petersburg-Low, viewed in perspective of the record about Anderson's health conditions, strongly operate to preclude a finding that the particularized susceptibility test is met here. And, of course,

the COVID-19 pandemic has been officially declared ended. While that does not preclude one from contracting COVID-19, the fact of vaccination means that the effects should be minimal if that occurs.

In sum, Anderson has not met the particularized susceptibility risk facet of the applicable test.

### 2. Particularized Facility Risk

Nor has Anderson met the particularized facility risk component of the appropriate test. His motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Petersburg-Low, the defendant's facility of incarceration. In fact, the record reflects that, at the time of the filing of Anderson's motion, FCI Petersburg-Low had no active case of COVID-19 among inmates and two active cases of COVID-19 among staff.

On this record, Anderson has not met the particularized facility component of the applicable test.

### 3. Assessment Under 18 U.S.C. § 3553(a)

But, even if Anderson had met the particularized risk assessment and the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in

7

perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. On this record, it does not appear that Anderson would present a danger to the community. He has minimal criminal history, a minor infraction while in prison, and the Bureau of Prisons has classified him as a low risk prisoner.

Although the history and characteristics aspect of § 3553(a) augur in Anderson's favor, the nature and consequences of the offense do not. This was a substantial drug conspiracy as to which a substantial amount of drugs were distributed and Anderson was in the thick of it. Furthermore, Anderson has served only approximately one-half of his sentence and the purposes of deterrence and promoting respect for the law will not be served by releasing him at this point.

Anderson has been actively involved in educating and re-educating himself while in prison and has established a commendable record of rehabilitation. However, rehabilitation alone is not an extraordinary and compelling reason for compassionate release and the efforts that Anderson has made so far simply do not outweigh the seriousness of the offense. After all, it is to be recalled that, while in prison, those convicted of crime are

8

expected to develop skills to be used upon release and to engage in activities that will foster rehabilitation.

## CONCLUSION

For the foregoing reasons, the defendant's SECOND MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND 603(b) OF THE FIRST STEP ACT (ECF No. 441) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 3, 2023

9